## McLEOD v. UNION BARGE LINE CO.
### No. 184.

United States District Court
W. D. Pennsylvania.
Sept. 30, 1952.

Hymen Schlesinger, Pittsburgh, Pa., for libellant.

Bruce Martin, Pittsburgh, Pa., for respondent.

STEWART, District Judge.

This is an action by an injured seaman to recover maintenance and cure during the period of recuperation. The case was tried by the court without a jury and upon all the evidence, we make the following

### Findings of Fact

1. On June 29, 1947, the libellant, Lavinda McLeod, was employed by the respondent as a chambermaid on the motor vessel Neville.

2. The respondent is a corporation having an office for the transaction of business in the City of Pittsburgh, Pennsylvania.

3. The Neville was, at all times herein mentioned, owned and operated by the respondent.

4. On June 29, 1947, during the period of her employment, libellant sustained an injury while moving a dresser.

5. The injury sustained was a sacro-iliac sprain.

6. This injury was not caused by any negligence of the respondent or any unseaworthiness of the motor vessel Neville.

7. Libellant remained on the Neville until it arrived in Pittsburgh, Pennsylvania, on July 1, 1947.

8. At that time, respondent furnished a hospital ticket to libellant and had her transported to the United States Marine Hospital in Pittsburgh.

9. Libellant was admitted to the United States Marine Hospital in Pittsburgh on July 1, 1947 and remained there until July 12, 1947. During this period, she was furnished hospital care at no expense to herself.

10. Libellant returned to work on August 25, 1947 and worked the remainder of that month and all of the month of September with no time off.

11. On August 25, 1947 when libellant returned to work, she had reached the point in her recovery from the injury sustained on June 29, 1947 where care and further treatment would not benefit her.

12. Neither the physical nor the mental condition now complained of by libellant had any causal relation to the injury sustained by her on June 29, 1947.

13. There is no evidence that libellant expended any money on her own behalf for medical expenses or travel expenses to secure medical help in curing the injury sustained on June 29, 1947 between that date and the date she returned to work.

### Conclusions of Law

1. This Court has jurisdiction of this suit by virtue of Section 1333 of Title 28 of the United States Code.

2. Libellant was injured on June 29, 1947, during the period of her service as an employee of the respondent on the vessel Neville.

3. Among the most pervasive incidents of the responsibility anciently imposed upon a shipowner for the health and security of sailors was the liability for the maintenance and cure of seamen who became ill or were injured during the

period of their service. In the United States this obligation has been recognized consistently as an implied provision in contracts of marine employment and the liability in no sense is predicated on the fault or negligence of the shipowner. Aguilar v. Standard Oil Co., 1943, 318. U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107.

4. So broad is this obligation, that negligence or acts short of culpable misconduct on the seaman's part will not relieve the shipowner of the responsibility and only some wilful misbehavior or deliberate act of indiscretion suffices to deprive the seaman of this protection. Aguilar v. Standard Oil Co., supra.

5. The act of the libellant in this case does not constitute wilful misbehavior.

6. For these reasons, the libellant is entitled to recover for maintenance and cure until the maximum degree of improvement is reached. Farrell v. United States, 1949, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850; Shields v. United States, 3 Cir., 1949, 175 F.2d 743.

7. However, this relates only to injuries resulting from the sprain obtained on June 29, 1947 and does not relate to present complaints which have no causal connection to the injury sustained by libellant on June 29, 1947. (It should be noted here that libellant's claim is based entirely on the injury sustained by her on June 29, 1947, her contention being that her present physical and mental complaints do have a causal connection to that injury.)

8. Counsel for the parties entered into a stipulation at the pre-trial conference that if it should be determined that maintenance and cure is due and owing, the amount of maintenance should be at the rate of $3.50 per day.

9. Libellant is not entitled to any maintenance and cure during the period when she was hospitalized under circumstances where she had no expense. See Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690.

1. The stipulated rate for maintenance alone is used since there was no evidence of any expenditure for cure during the

10. Therefore, we conclude that libellant is entitled to recover an amount of $154 for maintenance and cure computed at the rate of $3.50[1] per day for the period from the date of the injury until the date of maximum recovery therefrom, August 25, 1947 (57 days) less the period she was hospitalized at no expense to herself (11 days) and less the period that maintenance was furnished to her on the Neville (2 days).

11. Judgment will be entered accordingly.

period involved and with respect to the injury involved.